THE STATE v. TURNER, Appellant.

Division Two, February 21, 1899.

Forgery: INSTRUCTIONS: VERDICT OF JURY. The second count in an indictment charged defendant with selling a forged check, and the third with having in his possession such a check with intent to pass it. The court instructed that, if the jury found that defendant had in his possession a forged check with intent to pass it, they would find him guilty under the second count. The verdict was guilty as charged in the second count. *Held*, that giving the instruction was reversible error.

*Appeal from Jackson Criminal Court.*—HON. D. W. SHACKLEFORD, Special Judge

REVERSED AND REMANDED.

EDWARD C. CROW, Attorney-General, for the State.

SHERWOOD, J.—The defendant who, it seems, is a lawyer, was indicted under the provisions of section 3633, Revised Statutes 1889, for forging a check. This was the first count in the indictment. The second count was under the provisions of section 3634, Ib., for selling to Harry S. Tuttle a forged check.

The third count was framed upon section 3635, Ib., and was for having in his possession a forged check with intent to pass, etc. Defendant excepted to all the instructions given. The chief instruction given on the part of the State was in relation to defendant having in his possession a forged check, etc., with intent to pass, etc., and the jury were instructed that if, etc., they would find defendant guilty of forgery in the second degree "under the second count in the indictment," etc.

VOL. 148 mo—14

The jury returned into court this verdict: "We the jury find the defendant guilty as charged in the second count in the indictment and assess his punishment at 5 years in the State penitentiary."

Now, the second count of the indictment as already seen was for selling a forged check, while the instruction of the court was for having a forged check in his possession with intent, etc. So that the instruction given was based upon a count and an issue on which defendant was not being tried, and was therefore erroneous.

This error must result in the reversal of the judgment and the remanding of the cause, and it is so ordered. All concur.